RECEIVED
JUL 08 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PERSON OF MALIK WILKINS: DOB: ▓▓▓▓ PDID#: ▓▓▓▓ | Case: 1:19-mc-00119 Assigned To : Howell, Beryl A. Assign. Date : 7/8/2019 Description: Misc. |

**GOVERNMENT'S MOTION FOR LEAVE TO
PRESENT SEARCH WARRANT TO CHIEF JUDGE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves this Court for leave to present a search warrant to the Honorable Chief Judge pursuant to Local Rule 57.14(7). As grounds for this motion, the government states the following:

On Friday, July 5, 2019, officers with the Metropolitan Police Department ("MPD") arrested Malik Wilkins for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. 922(g)(1). The following day, on Saturday, July 6, 2019, MPD Officer Kelemen reported to the United States Attorney's Office where he, together with an Assistant United States Attorney ("AUSA") drafted a Complaint, Affidavit in Support Thereof, and an Arrest Warrant. Additionally, Officer Kelemen and the AUSA prepared a Search Warrant for a buccal swab, and an Affidavit in Support Thereof (collectively "buccal swab warrant"); see Attachment A.

On Saturday, July 6, 2019, the AUSA contacted the on-duty Magistrate Judge, and alerted her of the new case. The Magistrate Judge advised that she would meet with Officer Kelemen to review the Complaint and Arrest Warrant (both of which she ultimately signed), but that she would not review the buccal swab warrant. The Magistrate Judge advised the AUSA that it is not her practice to authorize buccal swab warrants. The Magistrate Judge suggested that the AUSA

1

submit the buccal swab warrant the following Monday, but stated that she would reject it at that time.

The government now seeks leave to present the buccal swab warrant to the Chief Judge pursuant to Local Rule 57.14(7) which allows the Chief Judge to "hear and determine requests for review of rulings by magistrate judges in criminal cases not already assigned to a judge of the Court."

WHEREFORE, the government requests leave of the Court to present the buccal swab warrant to the Honorable Chief Judge pursuant to Local Rule 57.14(7).

Respectfully submitted,

JESSIE K. LIU
United States Attorney
DC Bar #472845

By: _____

Dineen A. Baker
Assistant United States Attorney
D.C. Bar 487820
555 Fourth Street, N.W.
Washington, D.C. 20001
202-252-6954
dineen.baker@usdoj.gov

# Attachment A

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the person of MALIK WILKINS AKA MALIK HASSAN WILKINS, B/M, DOB: ▇▇▇▇, PDID#: ▇▇▇▇

Case No. 19-sw-

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

MALIK WILKINS AKA MALIK HASSAN WILKINS, B/M, DOB: ▇▇▇5, PDID#: ▇▇▇▇, who is presently in the custody of law enforcement in the District of Columbia.

located in the _____ District of _____Columbia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |

The application is based on these facts:

see attached Affidavit

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Officer Cornel Keleman, MPD Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/06/2019

_____
*Judge's signature*

City and state: Washington, D.C.

Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>the person of MALIK WILKINS AKA MALIK HASSAN WILKINS, B/M, DOB: ▮▮▮▮▮5, PDID#: ▮▮▮▮ | )<br>)<br>)   Case No.   19-SW-<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

MALIK WILKINS AKA MALIK HASSAN WILKINS, B/M, DOB: ▮▮▮▮▮▮, PDID#: ▮▮▮▮▮ who is presently in the custody of law enforcement in the District of Columbia.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

**YOU ARE COMMANDED** to execute this warrant on or before _____July 20, 2019_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Deborah A. Robinson_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   07/06/2019 0:00 am   _____
                                              *Judge's signature*

City and state:   Washington, D.C.   Deborah A. Robinson, United States Magistrate Judge
                                     *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>19-SW- | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A SEARCH           Case No.
WARRANT FOR THE PERSON OF
MALIK WILKINS, BM;
DOB: ▊▊▊▊▊; PDID: ▊▊▊▊

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

---

    I, Cornel Kelemen, an Officer with the Metropolitan Police Department, hereinafter the Affiant, being duly sworn, deposes and states as follows:

**AGENT BACKGROUND**: I am a police officer with the Metropolitan Police Department, currently assigned to the Narcotics and Special Investigations Division (NSID), Gun Recovery Unit (GRU). I have been a police officer with MPD for approximately four years. I am familiar with firearms and firearms law in the District of Columbia.

**SUBJECT:**   For the person of Malik Wilkins, BM; DOB: ▊▊▊▊▊; PDID: ▊▊▊▊

**INVESTIGATION:**

    On Friday, July 5, 2019, members of the Metropolitan Police Department (MPD), Narcotics and Special Investigations Division (NSID), Gun Recovery Unit (GRU), were conducting gun interdiction activities in the Sixth District. At approximately 9:52 p.m., Officer Tariq monitored a live stream of social-media video ("live stream") that showed an individual that Officers Tariq and Kelly recognized as the defendant, Malik Williams, standing outside and in or around the 200 block of 37th Place, SE, Washington, D.C. During the live stream, defendant Wilkins could be seen wearing a blue beanie, a white t-shirt, and a silver necklace, with an apparent firearm that was inside of his right pants pocket with an apparent large capacity ammunition feeding device inserted into the firearm and protruding out of his pocket.

    At that point, members of the GRU were sent to respond to the general area of the 200 block of 37th Place, SE, Washington, D.C., in order to canvas the area. By approximately 10:05 p.m., Officers Williams and Logan observed an individual seated in the front passenger seat of a black Honda Accord that was parked in the 200 block of 37th Place, S.E. The individual was a black male, wearing a white shirt and a blue hat, which generally matched the lookout description that had been given over the radio. When officers illuminated the interior of the car with a light, the individual (later identified as the defendant) began to maneuver his body in a slouch as if to hide from the officers. Officers then approached the vehicle and ordered the defendant in the front passenger seat to step out of the vehicle, and both the defendant and the female driver (the only occupants of the car) were cuffed for officer safety.

Within moments, Officers Kelly and Tariq arrived at the vehicle, and the defendant was confirmed as the individual who had been viewed in the live stream beginning at 9:52 p.m. Just as in the live stream, the defendant was wearing a blue beanie, a white t-shirt, and a silver necklace. Your affiant arrived on the scene shortly afterwards, and likewise saw the defendant's appearance. Having viewed a recording of the live stream both before the stop of the defendant and since, your affiant believes the defendant is the same individual that is in the live stream.

Your affiant and others searched the vehicle for the weapon that had been observed in the live stream. Officers searched the floorboard of the front passenger seat where the defendant had been seated. Officer Kelly searched a black bag which was on the floorboard of the front passenger seat, and observed a firearm inside the bag.

Crime scene recovered and processed the firearm from within the bag. The firearm was determined to be a .40 caliber semi-automatic handgun, loaded with 1 round of .40 caliber ammunition in the chamber and 14 additional rounds of .40 caliber ammunition loaded in the magazine. The firearm appeared fully functional, is designed to expel a projectile by the action of an explosive, has a barrel length of less than twelve inches, and is capable of being fired by the use of a single hand. The magazine holds more than 10 rounds of ammunition, thereby qualifying as a large capacity feeding device. Furthermore, officers believe that the firearm is substantially similar in appearance to, and consistent with, the firearm that was viewed in the defendant's pocket during the live stream, just minutes before the firearm was recovered.

There are no gun and ammunition manufacturers in the District of Columbia. Accordingly, your affiant believes that the firearm and ammunition traveled in interstate commerce before their possession by the defendant on July 5, 2019.

A law enforcement database check, along with a check of online Maryland case records, revealed that defendant Wilkins was previously convicted in Prince George's County, Maryland, Case Number CT31036A, in March of 2014, of several crimes, at least two of which are punishable by more than a year of incarceration: armed carjacking, and use of a handgun in a crime of violence. It appears that in September of 2014, the defendant was sentenced to 30 years, with all but 15 years suspended, for the armed carjacking, and to 15 years for the handgun offense; and that in June of 2018, the defendant's sentence was reconsidered and lessened by Maryland authorities. Defendant Wilkins is therefore in violation of Title 18, U.S.C. Section 922(g), felon in possession of a firearm.

As noted above, in the context of investigating this crime, officers recovered a .40 caliber semi-automatic handgun and a magazine. Based upon your Affiant's training and experience in the recovery of firearms in similar circumstances, this firearm likely contains DNA. In my experience, some DNA is often left on and recovered from evidence of this kind.

Based upon the facts of the case, there an evidentiary nexus between the recovered firearm and the individual whose DNA is sought. In particular, the firearm was located in in a bag on the floorboard next to where the defendant had been sitting. This firearm was swabbed for potential DNA, consistent with the policies of the Metropolitan Police Department and the D.C. Department of Forensic Sciences ("DFS"). This firearm is awaiting testing at the DFS laboratory. The

government now seeks to obtain a saliva sample from the defendant to compare the defendant's DNA to the DNA found on this firearm. A match between the defendant's DNA and the DNA on the firearm would make a fact of consequence in this case – the defendant's unlawful possession of the firearm – more or less probable.

**PROBABLE CAUSE:**

There is probable cause to search the defendant for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime. The firearm recovered likely contains DNA. The firearm was swabbed for DNA, and the government plans to test the evidence for DNA upon receipt of the defendant's DNA. A match between the defendant's DNA and DNA on the firearm would make it more or less probable that defendant committed the crime of unlawful possession of the firearm.

There is probable cause to search the defendant for his saliva sample as it is evidence of the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Therefore, I respectfully request that a search warrant be issued permitting members of the Metropolitan Police Department and/or the D.C. Department of Forensic Sciences to take a buccal swab from Defendant Malik Wilkins.

July 6, 2019

Cornel Kelemen, Officer, Badge #5005
Metropolitan Police Department

*Subscribed and sworn to before me this _____ day of July, 2019.*

Deborah A. Robinson
United States Magistrate Judge